1
2
3
4

Larry Zerner (155473)
Law Office of Larry Zerner
1801 Century Park East. Ste. 2400
Los Angeles, CA 90067
Telephone:   (310) 773-3623
Email: Larry@Zernerlaw.com

5

Attorneys for Defendants

6

7

8

UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11
12
13

HYPHY MUSIC INC., a California
corporation; DOMINGO TORRES, an
individual; and ALFONSO VARGAS,
an individual,

14

Plaintiffs,

15

v.

16
17
18
19
20
21
22

YELLOWCAKE, INC., a California
corporation; COLONIZE MEDIA,
INC., a California corporation, KEVIN
BERGER, an individual, JOSE DAVID
HERNANDEZ, an individual; JESUS
CHAVEZ, SR, an individual; JESUS
CHAVEZ, JR, an individual: PEDRO
CHAVEZ, an individual and JORGE
GARCIA. an individual,

23

Defendants.

24

25

JESUS CHAVEZ, SR., an individual,

26

Counterclaimant,

27

28

Case No.: 1:23-CV-00683-ADA-EPG

(Assigned: Hon. Ana de Alba)


ANSWER OF YELLOWCAKE, INC.,
 COLONIZE MEDIA,
INC., KEVIN BERGER, JOSE DAVID
HERNANDEZ, JESUS CHAVEZ, SR,
JESUS CHAVEZ, JR, PEDRO
CHAVEZ, and JORGE GARCIA TO
COMPLAINT.

COUNTER-CLAIM OF JESUS
CHAVEZ, SR. AGAINST DOMINGO
TORRES, and ALFONSO VARGAS
FOR

1) FEDERAL TRADEMARK
INFRINGEMENT AND UNFAIR
COMPETITION;

2. STATE LAW TRADE NAME
INFRINGEMENT AND DILUTION;

v.

DOMINGO TORRES, an individual,
ALFONSO VARGAS, an individual,

           Counter-Defendants.

3. COMMON LAW TRADEMARK INFRINGEMENT

4. COMMERCIAL MISAPPROPRIATION UNDER CIVIL CODE §3344

JURY TRIAL DEMANDED

     Defendants YELLOWCAKE, INC., COLONIZE MEDIA, INC., KEVIN BERGER, JOSE DAVID HERNANDEZ, JESUS CHAVEZ, SR, JESUS CHAVEZ, JR, PEDRO CHAVEZ, and JORGE GARCIA. hereby file their Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

## JURISDICTION AND VENUE

1.    Defendants admit the allegations of this paragraph of the Complaint.

2.    Defendants admit the allegations of this paragraph of the Complaint.

3.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

4.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

5.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

6.    Defendants admit the allegations of this paragraph of the Complaint.

7.    Defendants admit the allegations of this paragraph of the Complaint.

8.    Defendants admit the allegations of this paragraph of the Complaint.

9.  Defendants admit the allegations of this paragraph of the Complaint.

10.  Defendants admit the allegations of this paragraph of the Complaint.

11.  Defendants admit the allegations of this paragraph of the Complaint.

12.  Defendants admit the allegations of this paragraph of the Complaint.

13.  Defendants admit the allegations of this paragraph of the Complaint.

14.  Defendants deny the allegations of this paragraph of the Complaint.

## FACTS COMMON TO ALL CLAIMS

15.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

16.  Defendants deny the allegations of this paragraph of the Complaint.

17.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

18.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

19.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

20.  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

21.  Defendants deny the allegations of this paragraph of the Complaint.

22.  Defendants deny the allegations of this paragraph of the Complaint.

23.  Defendants deny the allegations of this paragraph of the Complaint.

24.  Defendants admit that an explicit written agreement signed by the parties defining their works as a works made for hire exists.  Defendants lack knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Complaint and on that basis deny the allegations.

25.   Defendants deny the allegations of this paragraph of the Complaint.

26.   Defendants deny the allegations of this paragraph of the Complaint.

27.   Defendants admit that  the original Los Originales Band became extremely popular with consumers of the Los Originales Band's style of music, and as such, there is substantial goodwill associated with the Los Originales name and trademarks and deny the remaining allegations of this paragraph of the Complaint.

28.   Defendants deny the allegations of this paragraph of the Complaint.

29.   Defendants deny the allegations of this paragraph of the Complaint.

30.   Defendants deny the allegations of this paragraph of the Complaint.

31.   Defendants deny the allegations of this paragraph of the Complaint.

32.   Defendants deny the allegations of this paragraph of the Complaint.

33.   Defendants deny the allegations of this paragraph of the Complaint.

34.   Defendants deny the allegations of this paragraph of the Complaint.

35.   Defendants deny the allegations of this paragraph of the Complaint.

36.   Defendants deny the allegations of this paragraph of the Complaint.

37.   Defendants deny the allegations of this paragraph of the Complaint.

38.   Defendants deny the allegations of this paragraph of the Complaint.

39.   Defendants admit that Chavez Sr. applied for and was granted two trademark registrations for the LOS ORIGINALES DE SAN JUAN trademarks, one a standard character mark (U.S. Reg. No. 3,598,263, registered March 31, 2009) and one a combination word/design mark (U.S. Reg. No. 3,598,310, also registered March 31, 2009, and deny the remaining allegations of this paragraph of the Complaint.

40.   Defendants admit that the registrations were granted to Chavez Sr. as the sole registrant, and deny the remaining allegations of this paragraph of the Complaint.

41.   Defendants deny the allegations of this paragraph of the Complaint.

42.   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph of the Complaint and on that basis deny the allegations.

43.   Defendants admit the allegations of this paragraph of the Complaint.

44.   Defendants deny the allegations of this paragraph of the Complaint.

45.   Defendants deny the allegations of this paragraph of the Complaint.

46.   Defendants deny the allegations of this paragraph of the Complaint.

47.   Defendants deny the allegations of this paragraph of the Complaint.

48.   Defendants admit that in February 2022, there was a disagreement between Torres, Vargas and Chavez Sr., concerning a replacement lead singer for the Band and deny the remaining allegations of this paragraph of the Complaint.

49.   Defendants admit the allegations of this paragraph of the Complaint.

50.   Defendants deny the allegations of this paragraph of the Complaint.

51.   Defendants deny the allegations of this paragraph of the Complaint.

52.   Defendants deny the allegations of this paragraph of the Complaint.

53.   Defendants deny the allegations of this paragraph of the Complaint.

54.   Defendants admit the allegations of this paragraph of the Complaint.

55.   Defendants deny the allegations of this paragraph of the Complaint.

56.   Defendants deny the allegations of this paragraph of the Complaint.

## COUNT ONE
### For False Advertising Under 15 U.S.C. § 1125(a)(1)(B)
(Against Yellowcake, Colonize, Berger, Hernandez, Chavez Sr., and Chavez Jr.)

57.   Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

58.   Defendants deny the allegations of this paragraph of the Complaint.

59.   Defendants deny the allegations of this paragraph of the Complaint.

60. Defendants admit that their advertising is aimed at an audience and deny the remaining allegations of this paragraph of the Complaint.

61. Defendants deny the allegations of this paragraph of the Complaint.

62. Defendants deny the allegations of this paragraph of the Complaint.

**COUNT TWO**

For Rectification of the Registrations of the LOS ORIGINALES Marks

(Against Chavez, Sr.)

63. Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

64. Defendants deny the allegations of this paragraph of the Complaint.

65. Defendants deny the allegations of this paragraph of the Complaint.

66. Defendants deny the allegations of this paragraph of the Complaint.

67. Defendants deny the allegations of this paragraph of the Complaint.

**COUNT THREE**

For Unfair Competition Under California Business and
Professions Code §§17200 et seq.

(Against All Defendants)

68. Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

69. Defendants admit the allegations of this paragraph of the Complaint.

70. Defendants deny the allegations of this paragraph of the Complaint.

71. Defendants deny the allegations of this paragraph of the Complaint.

72. Defendants deny the allegations of this paragraph of the Complaint.

73. Defendants deny the allegations of this paragraph of the Complaint.

**COUNT FOUR**

For False Advertising Under California Business Code §§17500

(Against Yellowcake, Colonize, Berger, Hernandez, Chavez Sr., and Chavez Jr.)

74. Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

75. Defendants deny the allegations of this paragraph of the Complaint.

76. Defendants deny the allegations of this paragraph of the Complaint.

77. Defendants deny the allegations of this paragraph of the Complaint.

## COUNT FIVE

### For Intentional Interference with Prospective Business Advantage

### (Against All Defendants)

78. 56. Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

79. Defendants deny the allegations of this paragraph of the Complaint.

80. Defendants deny the allegations of this paragraph of the Complaint.

81. Defendants deny the allegations of this paragraph of the Complaint.

82. Defendants deny the allegations of this paragraph of the Complaint.

83. Defendants deny the allegations of this paragraph of the Complaint.

## COUNT SIX

### For Breach of Fiduciary Duty in Violation of California

### Corporations Code §§16401 et seq.

### (Against Chavez Sr.)

84. Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

85. Defendants deny the allegations of this paragraph of the Complaint.

86. Defendants deny the allegations of this paragraph of the Complaint.

87. Defendants deny the allegations of this paragraph of the Complaint.

88. Defendants deny the allegations of this paragraph of the Complaint.

89. Defendants deny the allegations of this paragraph of the Complaint.

90. Defendants deny the allegations of this paragraph of the Complaint.

91. Defendants deny the allegations of this paragraph of the Complaint.

**COUNT SEVEN**

For Aiding and Abetting Breach of Fiduciary Duty

(Against Chavez Jr.)

92.   Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

93.   Defendants deny the allegations of this paragraph of the Complaint.

94.   Defendants deny the allegations of this paragraph of the Complaint.

95.   Defendants deny the allegations of this paragraph of the Complaint.

96.   Defendants deny the allegations of this paragraph of the Complaint.

**COUNT EIGHT**

For Money Had and Received

(Against Chavez Sr. and Chavez Jr.)

97.   Defendant incorporates by reference its denials, admissions and responses to Paragraphs 1-55 as noted above.

98.   Defendants deny the allegations of this paragraph of the Complaint.

99.   Defendants deny the allegations of this paragraph of the Complaint.

100.  Defendants deny the allegations of this paragraph of the Complaint.

101.  Defendants deny the allegations of this paragraph of the Complaint.

102.  Defendants deny the allegations of this paragraph of the Complaint.

**AFFIRMATIVE DEFENSES**
**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiffs have unreasonably delayed in bringing the claims set forth in the Complaint, despite admitting having knowledge of such facts, and Defendants have

8

been prejudiced by this delay on the part of Plaintiffs so as to bar the claims for relief by Plaintiffs.

### THIRD DEFENSE

Plaintiffs, by their own conduct, has waived one or more of its claims alleged in the Defendant.

### FOURTH DEFENSE

Plaintiffs' loss, damage or injury, if any, was caused by the actions, inactions or omissions of non-parties.

### FIFTH DEFENSE

Plaintiffs are estopped and barred from obtaining the relief requested in the Complaint. The Complaint and each and every claim contained therein are barred by reason of acts, omissions, representations and courses of conduct by Plaintiffs by which Defendant was led to rely to its detriment, thereby barring relief under the doctrine of equitable estoppel under any cause of action asserted by Plaintiffs.

### SIXTH DEFENSE

Plaintiff acquiesced to Defendant's use of one or more of its alleged marks and is barred from bringing these claims.

### SEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

The conduct of Defendants or any conduct that could be attributed to Defendants has no likelihood of causing confusion to the general public or the consumers to whom Plaintiffs' products and/or services are marketed.

### NINTH DEFENSE

Plaintiffs have failed to mitigate their damages.

### TENTH DEFENSE

Plaintiffs' conduct as it related to the subject matter of this action was and is equitable as to Defendants, and as such Plaintiffs are barred from any relief relating to the actions of Defendants under the doctrine of unclean hands.

## ELEVENTH DEFENSE

Defendant is excused from any and all liability under the alleged claims for relief because at all material times Defendants acted in good faith and conducted all material transactions in good faith.

## TWELFTH DEFENSE

Plaintiff ratified the alleged actions, if any, of Defendants which occurred and are thereby barred from recovery.

## THIRTEENTH DEFENSE

Plaintiff lacks standing to bring these claims against Defendants.

## FIFTEENTH DEFENSE

One or more third parties are responsible for all or part of Plaintiffs' damages.

## SIXTEENTH DEFENSE

Plaintiffs' fail to state a claim for violation of the California Business and Professions Code section 17200 et. seq. because it has not pleaded a valid "unlawful" act by Defendant.

## SEVENTEENTH DEFENSE

Plaintiffs are seeking to recover damages that are completely speculative in nature.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert additional defenses based on information learned or obtained through discovery or further investigation

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant pray that this Court:

1.    Enter judgment in their favor on each and every claim set forth in the Complaint.

2.    Dismiss the Complaint with prejudice.

3.    Award Defendant their costs and attorneys' fees in this action; and

4.    Award such other and further relief as this Court may deem just and appropriate.

Dated: August 31, 2023                          Law Office of Larry Zerner

                                                By: /Larry Zerner/
                                                _____
                                                Larry Zerner
                                                Attorney for Defendants

## DEMAND FOR TRIAL BY JURY

Defendant pursuant to Rule 38 of the Federal Rules of Civil Procedure hereby demand trial by jury of all issues so triable in the present action.

Dated: August 31, 2023                          Law Office of Larry Zerner

                                                By: /Larry Zerner/
                                                _____
                                                Larry Zerner
                                                Attorney for Defendants

## COUNTERCLAIM

## I.    INTRODUCTION

11

1.      Plaintiff Jesus Chavez is the founder and leader of the very popular corrido norteño group "Los Originales De San Juan."  For over 30 years, Plaintiff has been releasing albums and touring, under that name.  Plaintiff has also used the trademark "La Ley Del Corrido" in promotion of the band and its music.  Plaintiff owns the registered trademark for "Los Originales de San Juan."

2.      Beginning in 2022, two ex-band members, Domingo Torres and Alfonso Vargas, have been touring in a competing group using the name "Los Originales De San Juan" and "La Nueva Ley Del Corrido" in order to confuse the public into believing that they are seeing the original band, when in fact they are seeing an inferior knockoff band.

3.      Torres and Vargas have also used Plaintiff photograph in advertisements for their (fake) band's performances, in a further attempt to deceive the public into believing that they were seeing the real band.  This constitutes a violation of California Civil Code §3344.

4.      The purpose of this lawsuit is to put a stop to Defendants' infringing activities and to force them to pay Plaintiff for the monetary damages he has incurred by their willful infringement of his trademark rights and right of publicity.

## II.      JURISDICTION AND VENUE

5.      These claims arise under the laws of the United States, particularly under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, Cal. Bus. & Prof. Code § 17200 and California statutory and common law. Jurisdiction is proper under 15 U.S.C. § 1121 and

28 U.S.C. §§ 1331 and 1138(a). Jurisdiction is also proper pursuant to the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367.

6.     This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.

7.     Venue is proper in the United States District Court for the Eastern District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that the defendants reside in this District and transact affairs in this District and because a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## **THE PARTIES**

8.     Plaintiff Jesus Chavez is a U.S. citizen and resident of Fresno, California.

9.     Defendant Domingo Torres is an individual and resident of Tulare County, California

10.     Defendant Alfonso Vargas is an individual and resident of Tulare County, California.

## HISTORY OF *LOS ORIGINALES DE SAN JUAN*

11.     In 1980, Plaintiff Jesus "Chuy" Chavez, Sr. founded the musical group *Groupo San Juan*.  At that time, neither Domingo Torres nor Alfonso Vargas were members of the band.

12.     1n 1991, Chavez changed the name of the band from *Groupo San Juan* to *Los Originales de San Juan* (because there was another band named *Groupo San Juan*). After changing the name, he recruited Domingo Torres to join the band.

13

13.    In 1992, *Los Originales De San Juan* released it's first album, *Pacas De A Kilo.* The band was then offered a recording contract with WEA Latina.

14.    The band's first album on WEA Latina, "Cantos De La Revolucion" led to unprecedented success.  The band, under Chavez' leadership and direction, toured for over 30 years throughout the United States and Mexico.  The band has also released over 30 albums under the name *Los Originales De San Juan."*

15.    Defendant Domingo Torres was in and out of the band over the years as he was not a U.S. citizen and sometimes had immigration issues that kept him from performing and recording with the band.

16.    In 1992, after the release of the band's first album, Chavez recruited Defendant Alfonso Vargas into the band as the drummer.  Mr. Vargas also went through periods of heavy drug use where he was unable to perform with the band, forcing Chavez to find a replacement.

17.    At all times, Plaintiff was the owner and leader of the band. In 2009, Plaintiff registered the mark *Los Originales De San Juan* with the U.S. Trademark Office as a word mark in Class 9 for, *inter alia,* audio recordings, and in Class 41 for, *inter alia*, live performances by a musical band. The mark obtained registration number 3,598,263.

18.    Also in 2009, Plaintiff registered the following design mark.

The Design mark is also registered as a word mark in Class 9 for, *inter alia,* audio recordings, and in Class 41 for, *inter alia*, live performances by a musical band. The Design mark obtained registration number 3,598,310.

19.    Both the word mark *Los Originales de San Juan"* and the design mark are solely owned by Plaintiff and have never been assigned or licensed to Defendants.

20.    Both the word mark and the design mark have been used extensively by Plaintiff in advertising and have acquired secondary meaning with the public based on their extensive use.

### *LA LEY DEL CORRIDO TRADEMARK*

21.    Starting in or about 1992, Plaintiff began using the phrase *La Ley Del Corrido* ("the law of the corrido") in advertising and marketing materials to publicize the band.

22.    Following are some examples of advertisements for the band that use the mark:






23.    By virtue of it's extensive and continuous use of the *La Ley Del Corrido* mark in advertising, the mark has obtained secondary meaning with the public, such that consumers recognize that term is associated with Plaintiff and the band *Los Originales De San Juan.*

24.    Plaintiff has also filed a trademark application for *La Ley Del Corrido* which is currently in process by the USPTO.  Once the application is reviewed and approved and

16

the registration certificate is issued, Plaintiff will amend this complaint to include this information.

## INFRINGEMENT BY DEFENDANTS

25.    In 2022, Defendants left the band and started a new band.  Wanting to capitalize on the success and goodwill of Plaintiff's band, Defendants have been performing under the identical name ("Los Originales De San Juan") and using the phrase "La Nueva Ley Del Corrido" ("The New Law of the Corrido") in advertising and promotion.

26.    Defendants have also used Plaintiff's image in advertisements for the (fake) band's appearance, deceiving fans into believing that if they went to one of the concerts, they would see Plaintiff performing.

27.    This advertising and promotion are used extensively by Defendants to promote their band.  Following are some examples of infringing advertisements.



18

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement Against All Defendants)**

28.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

29.    This claim for relief arises under 15 U.S.C. § 1125(a)(1)(A) and is alleged against all defendants.

30.    Plaintiff is the owner of the registered  word mark and design mark for "Los Originales De San Juan," (Registration Nos. 3,598,263 and 3,598,310) and is entitled to sole use and ownership of the trademarks.

31.    None of the defendants named herein have any claim or colorable right to utilize the word mark or design mark for  "Los Originales De San Juan" either in connection with the live performances or sound recordings of "Los Originales De San Juan.

32.    Defendants are using Plaintiff's "Los Originales De San Juan" marks so as to cause confusion as to Plaintiffs' association with, affiliation with, or sponsorship of the performance of defendants' musical group. Defendants' actions have led to instances of actual confusion by promoters and consumers, including the use of the "Los Originales De San Juan" name in advertising and the use of the image of plaintiff Jesus Chavez in such advertising.

33.    Defendants' actions also constitute unfair competition in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    The actions of Defendants, as alleged herein, have caused damage to Plaintiff's reputation and mark.

35.    The actions of Defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

36.    For each act made in violation of §1125(a), Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement.

37.    Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

38.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake, or deception.

39.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause Plaintiffs if defendants' actions are not enjoined. Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop the ongoing acts of unfair competition and other violations by Defendants and anyone acting in concert with them.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition Against All Defendants)

40.     Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

41.     Defendants' acts are likely to cause confusion or mistake, or to deceive as to Defendants' affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services. Defendants' acts constitute unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

42.     Upon information and belief, Defendants' conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

43.     Plaintiff  has been, and will continue to be, damaged by Defendants' infringement in an amount to be determined at trial.

44.     Defendants' acts are greatly and irreparably damaging to Plaintiff and will continue to damage Plaintiff unless enjoined by the Court such that Plaintiff is without an adequate remedy at law.

## THIRD CLAIM FOR RELIEF

### (State Law Trade Name Infringement And Dilution Against All Defendants)

45.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

46.    By their acts alleged herein, Defendants have engaged in trade name infringement and dilution, California Bus. & Prof. Code §§ 14330 et seq., and §§ 14402 et seq.

47.    Defendants have intentionally deceived the public by misrepresenting that their services are connected with Plaintiffs and Plaintiffs' musical group "Los Originales De San Juan." Plaintiffs are informed and believe that the acts of defendants described herein were undertaken willfully and with the intention of causing confusion, mistake, or deception. Monetary relief alone is not adequate to address fully the irreparable injury that defendants'' illegal actions have caused and will continue to cause Plaintiffs if defendants'' conduct is not enjoined. Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop defendants'' ongoing acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Commercial Misappropriation Under Civil Code §3344 Against All Defendants)

48.    Plaintiff realleges and incorporates in this cause of action all previous paragraphs of this complaint.

49.    At all relevant times, Plaintiff had the sole and exclusive right of publicity with regard to the use of his name and image..

50.    Defendants used Plaintiff's image in advertisements and marketing materials without Plaintiff or his representative's permission, consent, or authorization.

51.    Defendants gained a commercial benefit by using Plaintiff's image in the advertising and marketing materials. .

52.    Defendants' unauthorized and unlawful use of Plaintiff's name and persona was willful, intentional, and knowing and was done to Defendant's advantage, including for the direct purpose of profiting, and gaining commercial benefit. Defendants have used

and exploited Plaintiff's name and image for their own commercial profit and gain in connection with the promotion of their band.

53.     The acts above constitute a violation of California Civil Code §3344.

54.     As a direct and proximate result of Defendants' unauthorized and unlawful use of Plaintiff's name and persona, Plaintiff suffered harm, including but not limited to the denial of the benefit of the rights of publicity which belong to him as well as emotional distress.

55.     Plaintiff is entitled to compensation for the willful, intentional, unauthorized, and unlawful use of his image and likeness, in an amount to be proven at trial.

56.     Defendants' conduct was malicious, fraudulent, oppressive, and intended to injure Plaintiff. Consequently, Plaintiff is entitled to punitive damages.

57.     . Plaintiff is entitled to recover his costs and fees per the statutes referenced in this cause of action.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For an order permanently and preliminarily enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Directly or indirectly using, printing, distributing, selling, offering for sale, possessing, advertising, performing under, promoting, or displaying in any way the "Los Originales De San Juan" word mark, the "Los Originales De San Juan" design mark, the "La Ley Del Corrido" mark or any simulation, reproduction, copy or colorable imitation of the marks;

b.     Making any unauthorized use of the marks in such a way as to cause confusion, mistake, or deception as to the affiliation,  connection or association of the Defendants as to the origin, sponsorship or approval of Plaintiffs' products or services;

c.    Using Plaintiff name, image, voice, signature or likeness in any advertising or marketing material.

d.    Otherwise, infringing Plaintiff's rights in and to the marks.

2.    For an order restraining Defendants' further dilution of the "Los Originales De San Juan" mark or the "La Ley Del Corrido" mark.

3.    For a finding that the Defendants' acts were undertaken, intentionally, maliciously and/or with a reckless and wanton disregard of the Plaintiffs' common law trademark rights and for an award of exemplary damages pursuant to California Civil Code section 3295 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein.

4.    For an award of damages based upon Plaintiffs' lost profits and disgorgement of Defendants' profits.

5.    For any enhanced damages pursuant to 15 U.S.C. § 1117.4.  That Defendants be required to pay to Plaintiff its attorneys' fees and costs incurred in connection with the prosecution of this action;

6.  For attorney's fees pursuant to Civil Code §3344.

5.  For such other and further relief as the Court deems appropriate.

DATED: August 31, 2023                LAW OFFICES OF LARRY ZERNER



By: /s/Larry Zerner_____
   Larry Zerner
   Attorney for Defendants and Cross-
   Complainant Jesus Chavez