SHERRIE M. FLYNN, SBN 240215
sflynn@ch-law.com
AISHA O. OTORI, SBN 342273
aotori@ch-law.com
COLEMAN & HOROWITT, LLP
Attorneys at Law
499 W. Shaw Avenue, Suite 116
Fresno, California 93704
Telephone: (559) 248-4820
Facsimile: (559) 248-4830

Attorneys for Plaintiffs, HYPHY MUSIC, INC., DOMINGO TORRES and ALFONSO VARGAS and Counter-Defendants, DOMINGO TORRES and ALFONSO VARGAS

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYPHY MUSIC INC., a California corporation; DOMINGO TORRES, an individual; and ALFONSO VARGAS, an individual,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>YELLOWCAKE, INC., a California corporation; COLONIZE MEDIA, INC., a California corporation, KEVIN BERGER, an individual, JOSE DAVID HERNANDEZ, an individual; JESUS CHAVEZ, SR, an individual; JESUS CHAVEZ, JR, an individual: PEDRO CHAVEZ, an individual and JORGE GARCIA. an individual.<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTER-CLAIM MATTER | Case No. 1:23-cv-00683-ADA-EPG<br><br>**DOMINGO TORRES AND ALFONSO VARGAS' ANSWER TO COUNTERCLAIM**<br><br>Complaint Filed: May 3, 2023<br><br>Counterclaim Filed: August 31, 2023<br><br>**JURY TRIAL DEMANDED** |

///

///

COUNTER-DEFENDANT'S ANSWER TO COUNTERCLAIM

Counter-Defendants DOMINGO TORRES ("Torres") and ALFONSO VARGAS ("Vargas," collectively "Counter-Defendants"), in answer to the Counterclaim filed by Defendant and Counterclaimant JESUS CHAVEZ, SR. ("Chavez Sr." or "Counterclaimant"), admits, denies, and alleges as follows:

## I.   INTRODUCTION

1. Answering paragraph 1 of the Counterclaim, Counter-Defendants admit that the trademark "Los Originales de San Juan" is registered but deny that Chavez Sr. is the sole founder and leader of the band by the name of "Los Originales de San Juan" (the "Band") and the sole owner of the trademark. Counter-Defendants also admit that the Band, including Torres and Vargas, used the trademark "La Ley Del Corrido" in promotion of the Band and its music. Counter-Defendants also admit that the Band, including Torres and Vargas, has been touring and releasing albums under the name "Los Originales de San Juan" for over 30 years. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 1, and on that basis deny each and every remaining allegation contained therein.

2. Answering paragraph 2 of the Counterclaim, Counter-Defendants admit that in 2022 they began touring using the name "Los Originales de San Juan" and "La Nueva Ley Del Corrido." Save and except that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

3. Answering paragraph 3 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

4. Answering paragraph 4 of the Counterclaim, Counter-Defendants deny they are infringing Counterclaimant's trademark rights and right of publicity. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 4, and on that basis deny each and every allegation contained therein.

///

## II. JURISDICTION AND VENUE

5. Answering paragraph 5 of the Counterclaim, Counter-Defendants admit that jurisdiction is proper pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and 28 U.S.C. § 1367. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 5, and on that basis deny each and every allegation contained therein.

6. Answering paragraph 6 of the Counterclaim, Counter-Defendants admit that this Court has personal jurisdiction over them. Except that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

7. Answering paragraph 7 of the Counterclaim, Counter-Defendants admit the allegations contained therein.

## III. THE PARTIES

8. Answering paragraph 8 of the Counterclaim, Counter-Defendants are without sufficient information to admit or deny the allegations of paragraph 8, and on that basis deny each and every allegation contained therein.

9. Answering paragraph 9 of the Counterclaim, Counter-Defendants admit that Domingo Torres is an individual. Except that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

10. Answering paragraph 10, of the Counterclaim, Counter-Defendants admit the allegations contained therein.

### HISTORY OF *LOS ORIGINALES DE SAN JUAN*

11. Answering paragraph 11 of the Counterclaim, Counter-Defendants admit they were not members of the musical group by the name of Grupo San Juan. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 11, and on that basis deny the remaining allegations contained therein.

1   12. Answering paragraph 12 of the Counterclaim, Counter-Defendants deny that Chavez Sr. recruited Torres to join the Band as Torres cofounded the Band with Chavez Sr. Counter-Defendants also deny that Chavez Sr. changed the name of the band from Grupo San Jaun to Los Originales de San Juan. Except that which is specifically admitted, Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 12, and on that basis deny the remaining allegations contained therein.

13. Answering paragraph 13 of the Counterclaim, Counter-Defendants admit the allegations contained therein.

14. Answering paragraph 14 of the Counterclaim, Counter-Defendants admit that the Band's first album on WEA Latina was "Cantos De La Revolucion," the Band toured for over 30 years throughout the United States and Mexico, and the Band released over 30 albums under the name *Los Originales de San Juan*. Except that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

15. Answering paragraph 15 of the Counterclaim, Counter-Defendants admit that Torres intermittently experienced challenges, primarily health issues that, similar to other band members (including Chavez Sr.), occasionally prevented him from performing with the BandExcept that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

16. Answering paragraph 16 of the Counterclaim, Counter-Defendants deny that Chavez Sr. recruited Vargas into the Band as Vargas cofounded the band with Chavez Sr. Counter-Defendants admit that Vargas intermittently experienced challenges, primarily health issues that, similar to other band members (including Chavez Sr.), occasionally prevented him from performing with the Band. Except that which is specifically admitted, Counter-Defendants deny each and every further allegation contained therein.

///

17. Answering paragraph 17 of the Counterclaim, Counter-Defendants deny that Chavez Sr. was the sole owner and leader of the Band as Counter-Defendants cofounded the band with Chavez Sr. Counter-Defendants admit that in 2009, Chavez Sr. registered the mark *Los Originales De San Juan* with the U.S. Trademark Office as a word mark in Class 9 for, *inter alia*, audio recordings, and in Class 41 for, *inter alia*, live performances by a musical band and that the registration number is 3,598,263, but deny that Chavez Sr. is entitled to be the sole registrant of the mark.

18. Answering paragraph 18 of the Counterclaim, Counter-Defendants admit the allegations contained therein, but deny that Chavez Sr. is entitled to be the sole registrant of the mark.

19. Answering paragraph 19 of the Counterclaim, Counter-Defendants deny that the Los Originales word and design marks are solely owned by Chavez Sr. as Torres and Vargas are co-owners of the marks. Counter-Defendants admit that the Los Originals de San Juan word and design marks have never been assigned or licensed to Counter-Defendants because Counter-Defendants are co-owners of the marks.

20. Answering paragraph 20 of the Counterclaim, Counter-Defendants admit that both the Los Originals de San Juan word and design marks have been used extensively by the Band. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 20, and on that basis deny each and every remaining allegation contained therein.

### *LA LEY DEL CORRIDO* TRADEMAK

21. Answering paragraph 21 of the Counterclaim, Counter-Defendants admit that in or about 1992, the Band began using the phrase La Ley Del Corrido (the law of the corrido) in advertising and marketing materials to publicize the Band. Except that which is specifically admitted, Counter-Defendants deny the remaining allegations contained therein.

///

22.     Answering paragraph 22 of the Counterclaim, Counter-Defendants admit the allegations contained therein.

23.     Answering paragraph 23 of the Counterclaim, Counter-Defendants admit that the *La Ley Del Corrido* mark has been used in advertisements for the Band. Counter-Defendants deny that consumers recognize that the *La Ley Del Corrido* mark is associated solely with Chavez Sr. as the advertisements for the Band also include Torres and Vargas. Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 23, and on that basis deny each and every remaining allegation contained therein.

24.     Answering paragraph 24 of the Counterclaim, Counter-Defendants admit that Chavez Sr. has filed a trademark application for La Ley Del Corrido, but deny that he is entitled to be the sole applicant or registrant. Except that which is specifically admitted, Counter-Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 24, and on that basis deny each and every remaining allegation contained therein.

## INFRINGEMENT BY DEFENDANTS

25.     Answering paragraph 25 of the Counterclaim, Counter-Defendants deny that they left the Band and started a new band but admit they continued the Band without Chavez Sr. Counter-Defendants admit they have been performing under the name "Los Original De San Juan" and using the phrase "La Nueva Ley Del Corrido" ("The New Law of the Corrido") in advertising and promotion as a way to distinguish the Band as performing without Chavez Sr. Except that which is specifically admitted, Counter-Defendants deny each and every remaining allegation contained therein.

26.     Answering paragraph 26 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

27.     Answering paragraph 27 of the Counterclaim, Counter-Defendants admit that the advertisement examples shown on pages 18 and 19 of the Counterclaim

are Counter-Defendants' advertisements, and they have continued to use the Los Originales de San Juan marks to establish continuing rights in the marks as required by U.S. trademark laws. Except that which is specifically admitted, Counter-Defendants deny the remaining allegation contained therein.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Against All Defendants)

28. Counter-Defendants restate each and every response to paragraphs 1-27 of the Counterclaim and incorporate those responses herein by reference.

29. Answering paragraph 29 of the Counterclaim, Counter-Defendants state that paragraph 29 of the Counterclaim contains no allegations for which an answer is required.

30. Answering paragraph 30 of the Counterclaim, Counter-Defendants admit that the registration numbers for the "Los Originales De San Juan" word and design marks are respectively, 3,598,263 and 3,598,310. Except that which is specifically admitted, Counter-Defendants deny each and every remaining allegation contained therein.

31. Answering paragraph 31 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

32. Answering paragraph 32 of the Counterclaim, Counter-Defendants admit they have used the "Los Originales De San Juan" name in advertising, but have used the phrase "La Nueva Ley Del Corrido" with it to distinguish the Band as being Torres and Vargas without Chavez Sr. Except that which is specifically admitted, Counter-Defendants deny each and every remaining allegation contained therein.

33. Answering paragraph 33 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

34. Answering paragraph 34 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

///

35. Answering paragraph 35 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

36. Answering paragraph 36 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

37. Answering paragraph 37 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

38. Answering paragraph 38 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

39. Answering paragraph 39 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition Against All Defendants)

40. Counter-Defendants restate each and every response to paragraphs 1-39 of the Counterclaim and incorporate those responses herein by reference.

41. Answering paragraph 41 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

42. Answering paragraph 42 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

43. Answering paragraph 43 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

44. Answering paragraph 44 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

### (State Law Trade Name Infringement And Dilution Against All Defendants)

45. Counter-Defendants restate each and every response to paragraphs 1-44 of the Counterclaim and incorporate those responses herein by reference.

46. Answering paragraph 46 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

47. Answering paragraph 47 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

### (Commercial Misappropriation Under Civil Code §3344 Against All Defendants)

48. Counter-Defendants restate each and every response to paragraphs 1-47 of the Counterclaim and incorporate those responses herein by reference.

49. Answering paragraph 49 of the Counterclaim, Counter-Defendants are without sufficient information to admit or deny the allegations of paragraph 49, and on that basis deny each and every allegation contained therein.

50. Answering paragraph 50 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

51. Answering paragraph 51 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

52. Answering paragraph 52 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

53. Answering paragraph 53 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

54. Answering paragraph 54 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

55. Answering paragraph 55 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

56. Answering paragraph 56 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

57. Answering paragraph 57 of the Counterclaim, Counter-Defendants deny each and every allegation contained therein.

///

///

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1. The Counterclaim, and each claim for relief therein, fails to state facts sufficient to constitute a cause of action against these answering Counter-Defendants.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

2. Counterclaimant is estopped by his own conduct from obtaining any relief under his Counterclaim against these answering Counter-Defendants.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent/Waiver)**

3. Counterclaimant consented to any and all alleged actions taken by Counter-Defendants and therefore, has waived his right to sue these answering Counter-Defendants. Counterclaimant has further waived any right to sue these answering Counter-Defendants because he has accepted substantial benefits from the transactions alleged in the Counterclaim.

**FOURTH AFFIRMATIVE DEFENSE**

**(Conduct/Omissions by Counterclaimant)**

4. Counterclaimant's acts, conduct and/or omissions were the proximate cause of Counterclaimant's alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Conduct/Omissions of Others)**

5. If Counterclaimant sustained any injury, damage or loss, which these answering Cross-Defendants expressly deny, any such injury, damage or loss has been brought about and caused wholly and solely by reason of the acts, breaches, negligence and conduct of Counterclaimant and/or others, and without any breach, negligence or other unlawful conduct of these answering Cross-Defendants, and as a result and consequence thereof, Counterclaimant is barred from relief or recovery herein against these answering Cross-Defendants.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6. Counterclaimant is barred from recovery because he is guilty of unclean hands in and about the matters alleged in the Counterclaim. Cross-Defendants are informed and believe that Counterclaimant is attempting to benefit from his own wrongdoing.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7. Counterclaimant has failed to take the reasonable and appropriate steps to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and therefore, Counterclaimant is precluded from recovering those damages which could reasonably have been avoided by the exercise of due care on Counterclaimant's part.

## EIGHTH AFFIRMATIVE DEFENSE

### (Justification)

8. To the extent Cross-Defendants were responsible for conduct attributed to them by Cross-Complainant, said conduct was privileged, excused, and/or justified.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

9. This action is barred by the appropriate statute of limitations, including, but not limited to Cal. Bus. & Prof. Code § 17208.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

10. The Counterclaim is barred by the statute of frauds including, but not limited to, California Civil Code § 1624.

///

///

### ELEVENTH AFFIRMATIVE DEFENSE
### (Laches)

11. The Counterclaim, and each and every cause of action therein, is barred by the doctrine of laches.

### TWELTH AFFIRMATIVE DEFENSE
### (No Damage)

12. Cross-Defendants allege that Counterclaimant has not been damaged in any manner or sum or amount whatsoever as a result of any of the matters complained of in the Counterclaim.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (No Standing)

13. Counterclaimant lacks standing to assert the claims or raise the issues in the Counterclaim.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Fair Use)

14. The Counterclaim is barred by the doctrine of fair use.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Collateral Use)

15. The Counterclaim is barred in whole or in part by the doctrine of collateral use.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence)

16. Counterclaimant's claims against Counter-Defendants are barred, in whole or in part, by the equitable doctrine of acquiescence.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

17. Counterclaimant's primarily and/or secondarily assumed the risk, if any, instant to the damages alleged in the Counterclaim and that such assumption by

Counterclaimant proximately caused any and all damages sustained by him, if any.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Offsets)

18. Counter-Defendants are entitled to offsets against Counterclaimant according to proof.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Legal Obligations)

19. These answering Counter-Defendants complied with and performed any and all obligations or duties imposed by contract, statute, regulation, or other laws in effect at the time of incident which purportedly gave rise to the damages alleged in the Counterclaim.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

20. Counter-Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses available to them. Accordingly, Counter-Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

**WHEREFORE**, Counter-Defendants pray for judgment as follows:

1. That the Counterclaim and each and every claim set forth against Counter-Defendants, be dismissed with prejudice;

2. That Counterclaimant takes nothing by way and/or reason of his Counterclaim;

3. For attorneys fees and costs of this suit and the defense thereof; and

4. For any and all other relief as may be deemed just and proper.

Dated: October 23, 2023            /s/ Sherrie M. Flynn
                                   SHERRIE M. FLYNN
                                   AISHA O. OTORI

Attorneys for Plaintiffs,
HYPHY MUSIC, INC., DOMINGO TORRES and ALFONSO VARGAS and
Counter-Defendants, DOMINGO TORRES and ALFONSO VARGAS

### DEMAND FOR JURY TRIAL

Counter-Defendants, DOMINGO TORRES and ALFONSO VARGAS, hereby demand a trial by jury.

Dated:  October 23, 2023         /s/ Sherrie M. Flynn
SHERRIE M. FLYNN
AISHA O. OTORI
Attorneys for Plaintiffs,
HYPHY MUSIC, INC., DOMINGO TORRES and ALFONSO VARGAS and
Counter-Defendants, DOMINGO TORRES and ALFONSO VARGAS